UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05 C 5140 |
| v. ) | |
| ) | Judge Kennelly |
| **NATIONAL ASSOCIATION OF** ) | |
| **REALTORS** ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF UNITED STATES' MOTION FOR ENTRY OF THE AMENDED PROPOSED FINAL JUDGMENT AND MEMORANDUM IN SUPPORT

Pursuant to Section 2(e)-(f) of the Antitrust Procedures and Penalties Act (the "APPA" or "Tunney Act"), 15 U.S.C. § 16(e)-(f), with the consent of Defendant National Association of Realtors ("NAR"), the United States moves for entry of the attached amended proposed Final Judgment in this civil antitrust action.

**I.   THE UNITED STATES AND THE DEFENDANT HAVE COMPLIED WITH THE APPA**

Simultaneously with this motion, the United States is filing a Certificate of Compliance certifying that the parties have complied with all applicable provisions of the APPA and that the waiting periods imposed by the APPA have expired. The APPA prescribes a sixty-day period for submission of public comments, following publication, in the *Federal Register* and in newspapers of general circulation in this district and in the District of Columbia, of notice of a proposed settlement of an antitrust case brought by the United States. *See* 15 U.S.C. §§ 16(b)-(d). Notice of the proposed Final Judgment was published in the *Federal Register* on August 14, 2008, in the *Washington Post*, beginning on June 27, 2008, and ending on July 3, 2008, and in

the *Chicago Tribune*, beginning on July 7, 2008, and ending on July 13, 2008. The sixty-day comment period ended on October 13, 2008. The United States received nine comments and filed those comments, along with its response to those comments, on October 23, 2008. The United States published the comments and its response in the *Federal Register* on November 4, 2008. *See* 15 U.S.C. § 16(d).

## II. MINOR AMENDMENTS TO THE PROPOSED FINAL JUDGMENT

### A. Explanation of Minor Amendments

Based on comments received by the United States, the United States and NAR agreed to two minor modifications to the Modified VOW Policy, Exhibit A to the now-amended proposed Final Judgment. As explained in the United States' Response to Comments, those minor modifications effectuate the parties' intent and prevent potential ambiguities in the Modified VOW Policy from being exploited to the detriment of brokers operating VOWs. The first minor modification, to paragraph II.2.c.iv of the Modified VOW Policy, will ensure that customers of VOW brokers can share listings they are provided with persons with whom they wish to consult in making a purchase decision.

> *Amendments to paragraph II.2.c.iv* (underlined text added): That the Registrant will not copy, redistribute, or retransmit any of the data or information provided, except in connection with the Registrant's consideration of the purchase or sale of an individual property.

The second minor modification, to paragraph II.5.a of the Modified VOW Policy, will ensure that VOW brokers may provide customers, by non-VOW methods of delivery, property addresses that home sellers have withheld from the Internet.

> *Amended version of paragraph II.5.a* (underlined text added; stricken text removed): No VOW shall display the listings or property addresses of any sellers who has~~ve~~ affirmatively directed ~~their~~ its listing brokers to withhold ~~their~~ its

2

listing or property address from display on the Internet. The listing broker or agent shall communicate to the MLS that a seller has elected not to permit display of the listing or property address on the Internet. Notwithstanding the foregoing, a Participant who operates a VOW may provide to consumers via other delivery mechanisms, such as email, fax, or otherwise, the listing~~s~~ or property address of a seller~~s~~ who ha~~ve~~s determined not to have the listing or address for ~~their~~ its property displayed on the Internet.

The United States and NAR also agreed to modify the proposed Final Judgment to make it clear that NAR's state and local Boards of Realtors or Associations of Realtors ("Member Boards") that do not operate or share in the ownership of multiple listing services do not need to adopt the Modified VOW Policy. The United States agreed with NAR that this requirement was not intended and would serve no purpose. The parties have effectuated this minor modification by requiring NAR, under paragraphs V.D of the proposed Final Judgment, to direct only "Covered Entities," *i.e.*, Member Boards that operate MLSs or MLSs exclusively owned by Member Boards, to adopt the Modified VOW Policy. Under paragraph V.E of the amended proposed Final Judgment, NAR would be required to withhold insurance coverage from Covered Entities that failed to adopt, maintain, act consistently with, and enforce the Modified VOW Policy.[1]

### B. The Proposed Amendments Do Not Necessitate Republication of the Amended Proposed Final Judgement

The three minor amendments to the proposed Final Judgment do not necessitate a republication of the proposed Final Judgment or a second public comment period. In an APPA proceeding, the role of the district court is to determine if the proposed Final Judgment is "in the public interest." 15 U.S.C. § 16(e)(1). As the legislative history explains, the statute's

---

[1] This minor amendment also impacts NAR's reporting requirements under paragraph V.G.3 of the proposed Final Judgment.

3

"procedural" requirements – preparation by the United States of a Competitive Impact Statement ("CIS") and participation in a notice and comment proceeding – are intended "to assist the court in making that determination." S. Rep. No. 93-298, at 4-5 (1973).[2]

The two minor changes to the Modified VOW Policy to which the United States and NAR agreed advance the public interest by eliminating potential ambiguities in the Modified VOW Policy that, as noted by commentors, could be used by MLSs to impede the use of VOWs. As the third proposed change merely eliminates from the proposed Final Judgment a requirement that serves no purpose whatsoever, it is also not inconsistent with the public interest. Additional public comment as to these minor changes is not necessary for the Court to find that the public interest would be served by entry of the amended proposed Final Judgment.

The proposed amendments also do not change the nature of the proposed settlement of this litigation. As the Court of Appeals for the District of Columbia Circuit found in a similar circumstance, "[a]s long as the final consent decree is a 'logical outgrowth' of the proposed consent decree, there is no need for successive rounds of notice and comment on each revision." *Hyperlaw, Inc. v. United States*, No. 97-5183, 1998 WL 388807, at *3 (D.C. Cir. May 29, 1998).

---

[2] *Accord* H.R. Rep. No. 93-1463, at 21 (1974) (comments of Rep. Hutchinson) (the statutory requirement that the "Department of Justice . . . publish a competitive impact statement in the Federal Register and receive public comment . . . is to enable a court to determine whether a proposed consent decree is in the 'public interest.'").

## III. THE AMENDED PROPOSED FINAL JUDGMENT SATISFIES THE "PUBLIC INTEREST" STANDARD

Before entering the amended proposed Final Judgment, the Court must determine whether the Judgment "is in the public interest," *see* 15 U.S.C. § 16(e)(1). In making that determination, the Court shall consider:

(A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

(B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1).

The United States filed a CIS on June 12, 2008. In the CIS, the United States explained how the proposed Final Judgment eliminates the likely anticompetitive effects of NAR's VOW Policies and enjoins NAR from taking future actions to impede competition from VOW brokers. The CIS describes the meaning and proper application of the public-interest standard under the APPA, and the United States incorporates those statements herein by reference.

The public has had an opportunity to comment on the proposed Final Judgment as required by law. Nine comments were submitted to the United States. The United States' Response to Comments identifies the minor modifications to the proposed Final Judgment discussed above and explains why the amended proposed Final Judgment is within the range of settlements consistent with the public interest.

## IV. CONCLUSION

For the reasons set forth in this Memorandum, the CIS, and the Response to Comments, the Court should find that the amended proposed Final Judgment is in the public interest. The Court should then enter the amended proposed Final Judgment.

Respectfully submitted,

   s/David C. Kully
David C. Kully
Owen M. Kendler
U.S. Department of Justice
Antitrust Division
450 5th Street, NW; Suite 4000
Washington, DC 20530
Tel: (202) 307-5779
Fax: (202) 307-9952

Dated: November 7, 2008

## **CERTIFICATE OF SERVICE**

       I, David C. Kully, hereby certify that on this 7th day of November, 2008, I caused a copy of the foregoing Motion for Entry of the Amended Proposed Final Judgment and Memorandum in Support to be served by ECF on counsel for the defendant identified below.

       Jack R. Bierig
       Sidley Austin LLP
       One South Dearborn Street
       Chicago, IL 60603
       (312) 853-7000
       jbierig@sidley.com

                                                                                       s/David C. Kully
                                                                                         David C. Kully